IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ELIZABETH MARCOTTE**                                             **PLAINTIFF**

VS.                          NO.  4:06CV000658

**UNITED PARCEL SERVICE, INC. and**
**JOHN DOE MAINTENANCE COMPANY**                    **DEFENDANTS**

### ORDER

Pending is plaintiff's motion for a new trial. (Docket # 69).  The defendant has responded.  Plaintiff argues that she is entitled to a new trial for the following reasons: (1) the defendant failed to abide by the court's decision not to read defendant's proposed jury instruction number 1106, which imposed an additional unsupportable burden on plaintiff; (2) the Court's ruling on spoilation; (3) the defendant disregarded the Court's ruling on speculation; (4) defendant's placed undue and improper emphasis on Jury Instruction Number 11 during closing argument; and (5) a miscarriage of justice.

Trial in this matter was held on July 23 and 24, 2007.  The jury returned a verdict in favor of the defendant.  "The grant of a motion for a new trial is inappropriate unless 'the verdict is against the weight of the evidence and [ ] allowing it to stand would result in a miscarriage of justice.'"  *Jones v. TEK Industries, Inc*. 319 F.3d 355, 358 (8th Cir. 2003).  When reviewing an evidentiary ruling, "[a] trial court must determine whether an evidentiary ruling was so prejudicial as to require a new trial which would be likely to produce a different result."  *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1058-59 (8th Cir.2005) (quoting *O'Dell v. Hercules, Inc.,* 904 F.2d 1194, 1200 (8th Cir.1990)).

Plaintiff argues that the defendant failed to abide by the Court's decision not to use

proposed AMI Jury Instruction No. 1106.  Plaintiff argues that she brought her claim based on negligence and not premises liability, the Court did not instruct the jury on a notice or knowledge requirement and defendant should not have argued such a burden to the jury.  The Court finds that the negligence instructions, which were given to the jury, required the jury to consider the element of "forseeability."  Accordingly, defendant's argument was proper.

The Court held a hearing on July 6, 2007 to hear argument and consider evidence relating to plaintiff's motion for sanctions based on spoliation.  Following the hearing, the Court denied defendant's motion for summary judgment and ruled that at trial, "Plaintiff may refer to the fact that the box is not available but may not argue that the Defendant destroyed the box with the intent to suppress the truth."  Based upon the evidence presented the Court finds that the plaintiff is not entitled to a new trial based on the Court's ruling on this issue.

Plaintiff also contends that she is entitled to a new trial based on the defendant's failure to abide by the court's ruling on speculation.  Prior to trial the Court ruled that "any testimony or evidence which is based on speculation will be inadmissible."  Defendant did not offer such testimony or evidence.  Plaintiff argues that the defendant argued the speculative theory of "abuse" of the box in closing argument.  Arguments of counsel are not evidence and the Court finds that the defendant's closing argument did not stray from the evidence and the reasonable inferences that could be drawn from it.

Following a review of the arguments of the parties the Court finds that the evidentiary rulings were appropriate and no ruling of the Court was so prejudicial as to require a new trial which would be likely to produce a different result.  The Court finds that the plaintiff is not entitled to a new trial.  There was sufficient evidence to support the jury's verdict and  the Court cannot state that the verdict goes against the weight of the evidence so as to result in a

miscarriage of justice.

Accordingly, plaintiff's motion for a new trial, docket # 69 is denied.

IT IS SO ORDERED this 24th day of September, 2007.

_____
James M. Moody
United States District Judge